CLARENCE A. BLANKENSHIP, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Blankenship v. Commissioner
Docket No. 8364-78.
United States Tax Court
T.C. Memo 1979-215; 1979 Tax Ct. Memo LEXIS 312; 38 T.C.M. (CCH) 874; T.C.M. (RIA) 79215; May 29, 1979, Filed John L. Peterson and W.D. Murray, Jr., for the petitioner. Craig D. Platz, for the respondent. QUEALY
MEMORANDUM OPINION QUEALY, Judge: This matter is before the Court on respondent's "Motion to Dismiss for Lack of Jurisdiction" filed September 11, 1978. It is respondent's contention that the petition in this case was not filed within the time prescribed by section 6213(a). [1]
Petitioner resided at 3554 Anthony Drive, Las Vegas, Nevada when he filed his petition herein. Petitioner resided at this address when he filed his 1969, 1970, and 1971 Federal income tax returns. Petitioner had been employed at the Silver Nugget for approximately *313 eighteen months prior to his termination on April 20, 1978. On April 12, 1978, respondent mailed a statutory notice of deficiency to petitioner "c/o Silver Nugget, No. Las Vegas, Nevada." The last correspondence received from petitioner by the Internal Revenue Service prior to the issuance of the notice of deficiency and pertaining to the taxes in question was a consent form extending the period of limitations for assessment of those taxes. That consent form filed by petitioner on March 14, 1978 reflected his address to be "c/o Silver Nugget, No. Las Vegas, Nevada." At the hearing, petitioner testified that he did not receive the notice of deficiency until April 28, 1978, one week after his employment with Silver Nugget was terminated. Petitioner's petition was received by the Court on July 17, 1978 by registered mail bearing postmark dated July 12, 1978. Pursuant to section 6213(a), the taxpayer may file a petition with this Court within 90 days (or 150 days if the notice is addressed to a person outside the United States), after the notice of deficiency is mailed, not counting Saturday, Sunday, or a legal holiday in the District of Columbia as the last day. The last day *314 for timely filing a petition in this case was Tuesday, July 11, 1978, which was not a legal holiday in the District of Columbia. Petitioner contends that the notice of deficiency was not sent to his last known address and thus the 90-day period did not begin to run until his receipt of the notice on or about April 28, 1978. The term "last known address" is not defined in the Internal Revenue Code. It is not uncommon for a taxpayer to use more than one address in his business dealings. Therefore, we accept the view that the last known address is the address to which the Commissioner reasonably believes a taxpayer would wish the notice sent. Rizzo v. Commissioner, ( USTC par 9310), , , cert. denied . In the instant case, respondent mailed the notice of deficiency to the same address as was given on the consent form approximately one month earlier. The consent form put respondent on notice as to petitioner's mailing address and, therefore, respondent *315 acted properly in mailing the deficiency notice to the address as set forth in the consent form. Florence et al. v. Phillips, an unreported case ( USTC par. 9175), . Accordingly, respondent's motion is granted, and An appropriate order will be issued.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩